UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK PERRELLI,                                    :

V.                                                 :        NO. 3:02 CV 0008 (GLG)

CITY OF EAST HAVEN,
LEONARD GALLO,                                     :
JOHN DOE 1, and JOHN DOE 2                         :        FEBRUARY 17, 2004

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

The Defendants hereby file this memorandum of law in support of their Motion

for Summary Judgment dated Feb. 17, 2004.

I.    FACTS

A.    **August 15, 2001 Motor Vehicle Stop Claim**

The Plaintiff, Frank Perrelli, commenced the present action by Complaint dated

January 2, 2002.  Therein, the Plaintiff sued the Town of East Haven, Leonard Gallo,

John Doe I and John Doe II, and alleges that said Defendants violated his constitutional

right to be free from unreasonable search and seizure.  Compl. ¶1.  Specifically, he

alleges that during the months of July, August and September, he was repeatedly

stopped and searched by members of the East Haven Police Department.[1]  Compl. ¶14.

He also alleges that his automobile was searched during these stops.  Compl. ¶14.

During his deposition, the Plaintiff based his claim primarily on his August 15,

2001 arrest by members of the East Haven Police Department.  At that time, Plaintiff

was arrested for illegal storage of narcotics in violation of C.G.S. §21a-257 and

possession of a weapon in a motor vehicle in violation of C.G.S. §29-38.  See Exhibit B –

---

[1] Please note that the Plaintiff did not and cannot identify the year in which said stops took
place.  During his deposition, Plaintiff testified as follows:

Q:    Okay.  I'm going to refer to Defense Exhibit 1, paragraph 14, [Plaintiff's
       Complaint] it says during the months of July, August and September.  I just want
       to clarify, is that of 2001?
A:    I don't remember.
Q:    Okay.  Because in paragraph 13, you are alleging during the summer months of
       2001, is that the basis of your complaint, the actions occurred then?
A:    I know my attorney wrote this, and I know I explained it the best I could to my
       attorney what happened.
Q:    Okay.
A:    But, other than that, I couldn't even tell you June, July or September at this point
       in my life.
Q:    Okay.
A:    I can't remember that.

See Exhibit A – Plaintiff's Deposition (attached to the Defendants' Local Rule 52(a)(1)
Statement), pg. 137, lines 22-24, pg. 138, lines 1-15.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

Plaintiff's Arrest Record prepared by the Connecticut Department of Public Safety State

Police Bureau of Identification dated 4/16/02, Item No. 20.[2]

Plaintiff testified that on said night, he was on his way home to Old Foxen Road

in East Haven. *See* Exhibit A[3] – Plaintiff's Deposition, pg. 78, line 6. While turning onto

Old Foxen Road, Plaintiff admitted that he possibly did not stop for the traffic signal

located at the intersection. *See* Exhibit A, pg. 160, **lines** 15-16. He then saw two police

officers parked on the side of the road, who flashed their lights for him to pull over. *See*

Exhibit A, pg. 96, lines 4-12.   Plaintiff pulled over and the two officers approached his

car. *See* Exhibit A, pg. 96, lines 4-16.

Plaintiff's testimony regarding this incident then becomes very vague and

scattered.   Plaintiff testified that he does not remember how he behaved during the

summer of 2001. *See* Exhibit A, pg. 55, lines 14-**16. In** regards to August 15, 2001, he

does not remember everything that was said and done by him or the police officers.

---

[2] Although Item No. 19 also references an arrest on **August 15, 2001,** there is no dispute that Item 19's charge is not related to the motor vehicle stop and search at issue in this case.

[3] All Exhibit references herein pertain to those exhibits attached to the Defendants' Local Rule 56(a)(1) Statement dated Feb. 17, 2004.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

More importantly, he does not remember the sequence in which things were said or done. *See* Exhibit A, pg. 99, lines 22-24, pg. 100, lines 1-11. Specifically, in regards to this arrest, the Plaintiff testified as follows:

Q:    You need to take me step by step. They come to your car and they say, "Frank, where you going?" You said you were going home.
A:    Miss, this happened two years ago.
Q:    I understand, but you brought this lawsuit based on it.
A:    I know that. It cost me $5,000. But this is the best I can explain it to you. I can't remember exactly everything that's happened. I can't remember the sequence of everything. I mean, I am disabled. I don't mean to make an excuse about that. I'm trying to answer the questions as best as I remember it. I just remembered just now that the medication was in my car. I didn't even think about that. And my license and registration was in the trunk of my car. I didn't realize that until after the question. I got to answer it one way, and then I remember the other way, how it really happened.

...
Q:    Okay. What was said about the medication that night?
A:    I don't remember that much. I remember what I can visually think about, or just remember what I remember. I can't remember specifically everything.

...
Q:    Can you describe that search to me. What happened?
A:    I can't. I know the car was searched. That's all I could say.
Q:    You don't remember any details?
A:    No.
Q:    How do you know that your car was searched?
A:    Pulled over. You could remember getting the car searched.
Q:    Okay. You were pulled over?
A:    Got my car searched.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

> Q:    Do you remember anything that was said before the search?
> A:    No. I mean, except if it was at night, "What are you doing out?" Or "What are you doing, Frank?" Or something like that. I don't know.

*See* Exhibit A, pg. 99, lines 21-24, pg. 100, lines 1-11, pg. 110, lines 12-15, pg. 113, lines 1-18.

Lastly, Plaintiff admitted that he committed the crimes with which he was charged – namely, illegal storage of his prescription medication and possession of a weapon in his vehicle. Specifically, he testified as follows:

> Q:    Was your stun gun in your vehicle that night?
> A:    Yes, it was.
> ...
> Q:    But you didn't have a permit for the stun gun?
> A:    No.

*See* Exhibit A, pg. 108, lines 8-10; pg. 157, lines 18-20.

> Q:    Were they [prescription medications] in the original prescription containers?
> A:    No they weren't...

*See* Exhibit A, pg. 155, lines 12-14.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

**B.**    **Repeated Motor Vehicle Stops Claim**

In addition to this August 2001 incident, Plaintiff testified he was previously stopped by the East Haven police without probable cause on three other occasions. *See* Exhibit A, pg. 80, lines 15-24, pg. 81, line 2. However, he could provide very little detail about what occurred during these stops. Specifically, Plaintiff testified as follows:

Q:    At least three or four prior to the one of August of 2001?
A:    Yes.
Q:    Okay, Let's start with the first incident.
A:    I don't remember. All I know is, I was pulled over. All I remember about the last incident is that they claimed I had drugs in my car.
Q:    So you don't remember the details of the first, second or third?
A:    I know I was pulled over and asked questions.
Q:    Okay. What questions were you asked?
A:    "What are you doing tonight? It's late out. Where are you going?" Things like that.
Q:    What else did they specifically –
A:    I don't remember.
Q:    Do you remember why you were pulled over?
A:    For no reason, except for having a new car. And now that I see what they did with the medication thing, I believe they took advantage of me.
...
Q:    My question is, why do you think you were pulled over because you had a new car?
A:    Because I was being harassed.
Q:    So you have nothing to point to to say that you were pulled over because of –
A:    I told you why. I can only tell you what I think what happened.
Q:    But I'm asking you, why do you think that, what was the indication?

6

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

A: Because – because I saw a pattern of what happened. I don't know. I saw some things that happened to me that I thought were unfair. I explained to you when I walked in this door that life was unfair.

Q: So you're assuming that you were pulled over because you had a new car?

A: Well, I'm assuming that, and I'm assuming other things.
...

Q: But nobody said, "We're pulling you over because you are driving a new car?"

A: No. I only assumed that.

*See* Exhibit A, pg. 81, lines 2-24, pg. 82, lines 1-2, pg. 83, lines 22-24, pg. 84, lines 1-15, pg. 86, lines 21-23.

**C.** **Policy, Practice & Custom of Violating Constitutional Rights of Mentally Ill Individuals Claim.**

Finally, Plaintiff's last claim is that the Town of East Haven and Leonard Gallo maintained a policy, practice and custom of aggressively surveilling, searching and taking into custody people whom the police believe are mentally ill, but not so symptomatic as to justify taking them into custody due as dangers to themselves and/or others. Compl. ¶16.

In October of 2003, the Defendants served Plaintiff with interrogatories and requests for production requesting that Plaintiff identify evidence supportive of this claim. *See* Exhibit C – Defendants' Revised Supplemental Interrogatories and Requests

**7**

for Production dated 10/3/03.  When Plaintiff failed to respond, the Defendants filed a motion to compel.  *See* Defendants' Motion to Compel dated 10/21/03 and Defendants' Supplement to Motion to Compel dated 11/13/03.  Thereafter, this Court granted the motion to compel and ordered Plaintiff to comply.  *See* Exhibit D – Court's Order dated 12/29/03.  However, to date, Plaintiff has not complied with this Court's order.

Second, during his deposition, Plaintiff testified that he did not know of anyone who was discriminated against by the East Haven Police Department based on that person's disability. See Exhibit A, pg. 117, lines 12-16, pg. 170, lines 12-17.  There is simply no evidence in the record supportive of this claim.

## II.    LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure requires the entry of summary judgment where the moving party "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c).  A "material fact" is one whose resolution will affect the ultimate determination of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  In determining whether a genuine issue of material fact exists, the court must resolve all

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

ambiguities and draw all inferences against the moving party. Id. at 255. However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Samuels v. Smith. 839 F.Supp. 959, 962 (D.Conn. 1993).

The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts that there is a genuine issue for trial." Anderson, 477 U.S. at 256. Thus, when the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Equally important, the non-moving party must produce evidence to show the existence of every element essential to its claim which it bears the burden of proving at trial. Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp., 812 F.2d 141, 144 (3d Cir. 1987).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

### III.    LEGAL ARGUMENT

#### A.    The Plaintiff's Use of "John Doe" to Identify Two Unknown Defendants is Prohibited at this Stage of the Litigation.

Courts generally allow complaints against Doe defendants to stand while the plaintiff attempts to produce their real names through discovery. However, if after the completion of discovery, the plaintiff is not able to determine the actual names of the Doe defendants, the claims against them must be dismissed. <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997); <u>Scheetz v. Morning Call, Inc.</u>, 130 F.R.D. 34, 37 (E.D.Pa. 1990); <u>Schiff v. Kennedy</u>, 691 F.2d 196, 198 (4th Cir. 1982).

While courts have permitted plaintiffs to identify unknown defendants by using a Doe designation early in the litigation, they have also recognized the inherent problems raised by this practice. Of paramount importance are the due process concerns raised by the naming of Doe defendants. For instance, the unidentified party, having no knowledge of the claims against him, is deprived of the opportunity to defend himself. Arguably, the court lacks jurisdiction to even entertain an action against an unidentified party because this individual was never served with a summons or complaint. See <u>Strauss v. City of Chicago</u>, 760 F.2d 765, 770 (7th Cir. 1985) (court

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

dismissed claim because John Doe was never served with a summons and a copy of the complaint).

Moreover, other courts have recognized that a case should not proceed to trial against an unknown defendant. *See* Pearson v. O'Leary, 1995 WL 124123 at *4 (N.D. Ill. Mar. 20, 1995) (attached as Exhibit E). Aside from due process concerns, the plaintiff would have no one from whom to collect the judgment if he prevailed at trial. Id. Even assuming a case involving a Doe defendant could be submitted to the jury, there is no precedent for allowing a verdict to be returned against an unidentified party or entering a judgment against an unidentified party. Id.

In this case, Plaintiff filed a complaint on January 2, 2002 naming two John Doe defendants. *See* Compl. Despite the fact that discovery was completed over two months ago, Plaintiff has failed to identify these unknown individuals by their proper names. In fact, Plaintiff admitted at his deposition on August 7, 2003 and October 29, 2003 that he did not know the names of either of the Doe defendants nor could he describe them. Specifically, Plaintiff testified as follows:

> Q:    I just want to go back to the August incident again, of 2001. Can you describe the two police officers to me?
> A:    No.

> Q:    Do you remember at all what **they look**ed like?
> A:    No.
>
> …
>
> Q:    Okay.  Do you know the identities of the officers that stopped you?
> A:    No.
>
> …
>
> Q:    Can you describe to me what they looked like?
> A:    No.
> Q:    You don't remember?
> A:    No.  I don't know who they were.
> Q:    So as of today, you have no idea **what** their identities are?
> A:    Absolutely not.

*See* Exhibit A, pg. 119, lines 6-15, pg. 161, lines 1-14.

Therefore, because it is obvious that Plaintiff does not know the identities of the John Doe defendants, and because a lawsuit cannot proceed against unknown individuals, summary judgment should enter in favor of the two Doe defendants.  *See* Clark v. McMillin, 932 F.Supp. 789 (S.D. Miss. 1996) (complaint against John Doe defendant dismissed after plaintiff failed to amend his complaint to identify and name the defendant during nine months while the case was pending and after the completion of discovery).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

**B.    Plaintiff has no evidence supportive of his _Monell_ claim against the Town of East Haven and Chief Leonard Gallo.**

Plaintiff alleges that the Town of East Haven and Chief Gallo violated his rights because they maintained "a policy, practice and custom of aggressively surveilling, searching and taking into custody people whom the police believe are mentally ill, but not so symptomatic as to justify taking them into custody due as dangers to themselves and/or others." Compl. ¶16. In essence, Plaintiff claims that the East Haven Police Department has a policy of misapplying C.G.S. §17a-503(a).[4] Moreover, such claim appears to be pursuant to <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658 (1978). As demonstrated below, the Defendants are entitled to summary judgment on this claim for several reasons.

First, during the discovery phase of this litigation, the Defendants served Plaintiff with discovery requests wherein Defendants requested that Plaintiff provide them with evidence supportive of this claim. _See_ Exhibit C. Despite this Court's order

---

[4] This statute provides, in pertinent part, that "[A]ny police officer who has reasonable cause to believe that a person has psychiatric disabilities and is dangerous to himself or herself or others or gravely disabled, and in need of immediate care and treatment, may take such person into custody and take or cause such person to be taken to a general hospital for emergency examination under this section."

13

Lynch, Traub, Keefe and Errante, P. C.   Attorneys at Law

52 Trumbull Street  P.O. Box 1612   New Haven, Connecticut 06506-1612

Telephone (203) 787-0275   Facsimile (203) 782-0278

requiring compliance and a letter from counsel requesting such, Plaintiff has failed to

comply and provide any evidence supportive of this claim. *See* Exhibits D and E -

Letter from Attorney Nancy Fitzpatrick to Attorney Norman Pattis dated Feb. 11, 2004

requesting compliance. Therefore, pursuant to Rule 37(d) of the Federal Rules of Civil

Procedure, summary judgment should be granted in favor of the Defendants on this

basis alone. <u>Valentine v. Museum of Modern Art</u>, 29 F.3d 47 (2nd Cir. 1994). *See also*

<u>Ortiz-Rivera v. Municipal Government of Toa Alta</u>, 214 F.R.D. 51 (D. PR 2003)

("Although dismissal ordinarily should be employed only when a plaintiff's

misconduct is extreme, … disobedience of court orders, in and of itself, constitutes

extreme misconduct and thus, warrants dismissal.").

Second, summary judgment should be granted in the Defendants' favor because

Plaintiff's individual claims did not result from the alleged policy at issue – namely, the

misapplication of C.G.S. §17a-503 by the East Haven police.   As this Court is aware, a

plaintiff pursuing a §1983 claim against a municipality must demonstrate that the

alleged policy *caused* the constitutional violation at issue. <u>Monell v. New York City</u>

<u>Department of Social Services</u>, 436 U.S. 658 (1978). Thus, in this case, Plaintiff must

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

demonstrate that East Haven's alleged policy of misapplying C.G.S. §17a-503 *caused* him to be subject to unreasonable search and seizures.

Clearly, Plaintiff has not and cannot demonstrate such. The primary "detention" at issue here occurred on August 15, 2001 when Plaintiff was arrested for illegal possession of a stun gun and illegal storage of his medication and **not** detention pursuant to §17a-503. Moreover, during his deposition, Plaintiff admitted that he has **never** been detained by an East Haven police officer pursuant to §17a-503. Specifically, he testified that all of his involuntary hospitalizations, except for one, were the result of his doctor's orders. *See* Exhibit A, pg. 177-178. The one exception was pursuant to a request by a **New Haven** police officer and **not** an East Haven police officer. *See* Exhibit A, pg. 178, lines 10-13, pg. 181, lines 10-16. Since Plaintiff's claim of unreasonable search and seizure did not result from the policy alleged, the Defendants are entitled to summary judgment.

Third, Plaintiff has failed to identify an individual with final policy-making authority for purposes of his §1983 Monell claim against the municipality. Plaintiff alleges in his Complaint that Chief Gallo is the East Haven Police Department's top-

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

ranking officer who's responsible for enforcing department policies and procedures and for authorizing police practices. Compl. ¶5.  However, according to the Town of East Haven's Charter and Chief Gallo's testimony, members of the Board of Police Commissioners are the highest policy-making officials for the East Haven Police Department, not the Chief of Police.

Specifically, the Town Charter provides that the Police Commission "shall have jurisdiction and general control of the Police Department and may make such rules and regulations that are not inconsistent with this Section."  *See* Exhibit G – Town of East Haven, CT Charter, pg. 19.  It further provides that the "Chief of Police shall be appointed and removed by the Mayor in accordance with State Statutes.  The Chief of Police … shall **enforce** rules and regulations concerning the operation of the department and the conduct of all officers and employees thereof."  *See* Exhibit G, pg. 19 (emphasis added).

In addition, Chief Gallo testified as follows:

Q:    What is your role with respect to the board of police commissioners?
A:    I report to the Board.
…
Q:    What role, if any, does the board have in establishing policies for East Haven Police Department?

16

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

> A:    The board's role is clearly defined by the town charter, which is all hiring, firing, promotions, and they have general jurisdiction over the department.
> Q:    What does that mean, "general jurisdiction?"
> A:    They are responsible for reviewing rules and regulations for the department, and so forth, and discipline.

*See* Exhibit H – Chief Leonard Gallo's deposition, pg. 8, lines 3-7, 11-19.  Therefore, since

Plaintiff failed to identify the highest policy-making official to support his <u>Monell</u> claim,

the Defendants are entitled to summary judgment on this claim.

Lastly, there is no evidence supporting Plaintiff's claim that such a policy,

practice or custom existed or exists in the East Haven Police Department.  There have

been no complaints in the last five years that citizens have been inappropriately

detained.  *See* Exhibit H, pg. 10, lines 15-23.  There is no policy of following-up on

persons detained pursuant to §17a-503 after their release from hospitals.  Specifically,

Chief Gallo testified as follows:

> Q:    So there are cases in which the department, in your mind, might be justified in keeping an eye out for a particular person.
> A:    That is possible.
> Q:    What sort of person would that be?
> A:    Well, if a person would go home and generate more complaints, there would be more complaints.
> ...
> Q:    How about a person with a repeated history of hospitalizations under 17a-

17

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

```
              503?
A:            Sure.
...
Q:            As far as you know, there is no departmental policy on how to identify
              such people?
A:            No, sir.
Q:            There is no practice on how to identify those people?
A:            No, sir.
Q:            No one assigned to that?
A:            No, sir.
```

*See*, Exhibit H, pp. 56-57.

In this regard, the East Haven Police Department has not been and is not alerted

by local hospitals that a person brought solely pursuant to C.G.S. §17a-503 is being

released. *See* Exhibit H, pg. 54, lines 10-16.  When asked about communications from

the hospital to the police regarding individuals who have been detained pursuant to

§17a-503 but not arrested, Chief Gallo testified as follows:

```
A:            ... There would be no liaison.  There would be no further police action
              once the individual was taken to the hospital.
Q:            Why not?
A:            It is a medical problem.
Q:            Well, it can become a public safety issue, isn't it?
A:            In that case, they would have been arrested.
Q:            Well, sir, not all persons who are at imminent risk of danger to themselves
              or others are arrested.  We have already established that, correct?
A:            That is true.
Q:            So a person can be in that condition and not be a criminal defendant, fair
```

**18**

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

enough?

A: - Absolutely.

Q: You would take that person, or a member of your department would take that person to Yale or Saint Raphael's, and then that person, conceivably, would be released at some point, correct?

A: Yes, sir.

Q: As far as your testimony here today is concerned, the department has no means of monitoring when those persons would be released and returned to the community?

A: That's correct.

*See* Exhibit H, pp. 55-56.

In essence, the East Haven Police Department has no policy or practice in place to allow them to monitor individuals hospitalized pursuant t §17a-503, let alone repeatedly conduct surveillance, search and take them into custody. Moreover, Plaintiff admitted that he could not point to one single incident of another individual where such action was taken by the officers of the East Haven Police Department. *See* Exhibit A, pg. 117, lines 12-16, pg. 170, lines 12-17. As such, Defendants are entitled to summary judgment as a matter of law. Dominguez v. Beame, 603 F.2d 337 (2d Cir. 1979).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

**C.**    **Plaintiff has not and cannot provide sufficient evidence that the Defendants violated his constitutional right to be free from unreasonable search and seizures.**

Lastly, should this Court allow Plaintiff to pursue his claims against the individual officers despite their "John Doe" status, he has not and cannot prove his claim of unreasonable search and seizure.[5]  Plaintiff carries the burden to prove his claim that he was subject to unreasonable searches and seizures.  Grune v. Rodriguez, 176 F.3d 27, 33 (2d Cir. 1999).  Clearly, in the present case, Plaintiff cannot sustain that burden.  Therefore, the Defendants are entitled to summary judgment.

As demonstrated by Plaintiff's testimony cited in the factual section above (sec. I), Plaintiff cannot provide sufficient detail regarding his August 15, 2001 arrest nor the three prior stops at issue.  He repeatedly testified that he could not remember what was said by him and the officers nor the sequence in which things occurred.  Moreover, he could not remember where in the car he kept his stun gun – thus, eliminating the possibility that it was in plain view for the officers to seize.  See Exhibit A, pg. 108, lines 11-21.  He is unable to tell a jury whether he was arrested prior to or after the search.

---

[5] Please note that Plaintiff has never claimed that Chief Gallo ever participated in any of the alleged stops and searches at issue in this lawsuit.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

He cannot even prove when the prior stops occurred, thus demonstrating that his claim falls within §1983's statute of limitations. Obviously, such information is essential to his claim. Clearly, it is Plaintiff's burden to prove that the searches and seizures at issue were unreasonable and **not** the Defendants' burden to prove that they were reasonable. *See also* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-250 (1986) (summary judgment is proper where the evidence favoring the nonmoving party is merely colorable and/or is not significantly probātive). As such, the Defendants are entitled to summary judgment.

## IV.    CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court grant their Motion for Summary Judgment as there are no genuine issues of material fact and they are entitled to judgment as a matter of law.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC

RESPECTFULLY SUBMITTED,
THE DEFENDANTS

BY: _____
HUGH F. KEEFE, ESQ.
52 Trumbull Street,
P.O. Box 1612
New Haven, CT 06596
(203) 787-0275
Federal Bar No. ct05106

## CERTIFICATION

I hereby certify that a copy of the above was mailed on February 17, 2004 to all

counsel and pro se parties of record as follows:

Norman A. Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
Federal Bar No. ct00215

_____
Hugh F. Keefe, Esq.

**22**

W:\EAST HAVEN\PERRELLI\MEMO OF LAW FOR SUM JUDG 2-04.DOC