FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK PERRELLI,            :

V.                         :        NO. 3:02 CV 0008 (GLG)

CITY OF EAST HAVEN,
LEONARD GALLO,             :
JOHN DOE 1, and JOHN DOE 2 :        FEBRUARY 17, 2004

## DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT

Pursuant to Federal Rule Civil Procedure 56(c) and District of Connecticut Local Rule 56(a)(1), the Defendants submit the following Statement of Facts Not In Dispute in support of their Motion for Summary Judgment and Memorandum of Law in support thereof dated Feb. 17, 2004.

1.  Plaintiff, when he was twenty-one (21) years of age, was diagnosed with a psychiatric disability, the nature of which he cannot define, and that is ongoing. (Exhibit A – Plaintiff's Deposition Transcript, pg. 10-11, 23-29).

2.  Plaintiff has received SSI disability because of his psychiatric condition for approximately the past twenty (20) years. (Exhibit A, pg. 21, lines 14-21).

3.  Prior to August 7, 2003, Plaintiff had been hospitalized approximately 15

1
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\LOCAL RULE 56(A)1 STATEMENT 2-04.DOC

times as a result of his psychiatric condition. (Exhibit A, pg. 177, lines 9-19).

4. None of the Plaintiff's involuntary hospitalizations was the result of being detained by an East Haven police officer pursuant to C.G.S.A. §17a-503. (Exhibit A, pg. 177, lines 20-24, pg. 178, lines 1-13, pg. 181, lines 10-16).

5. On August 15, 2001, Plaintiff was arrested by the East Haven police for possessing a weapon in a motor vehicle in violation of C.G.S. §29-38 and for illegal storage of narcotics in violation of C.G.S. §21a-257. (Exhibit B – Plaintiff's Arrest Record prepared by the Connecticut Department of Public Safety State Police Bureau of Identification dated 4/16/02, Item No. 20).

6. Plaintiff admits that he had a stun gun in his vehicle in August 2001 and that he did not have a permit for the stun gun. (Exhibit A, pg. 108, lines 8-10, pg. 157, lines 4-20).

7. Plaintiff does not remember where the stun gun was located in his vehicle in August 2001. (Exhibit A, pg. 108, lines 11-21).

8. Plaintiff admits that, in August of 2001, he took his prescription medication out of their original containers and placed them in clear vials. (Exhibit A, pg. 154, lines

18-24, pg. 155, lines 1-14).

9.  Plaintiff admits that prior to the East Haven police stopping him on August 15, 2001, he may have failed to stop at the traffic signal prior to turning on Old Foxen Road. (Exhibit A, pg. 160, lines 15-16).

10. Plaintiff, due to his psychiatric condition, cannot remember all that occurred during his August 2001 arrest by the East Haven police, including the sequence of events. (Exhibit A, pg. 99, lines 21-24, pg. 100, lines 1-11, pg. 110, lines 12-15, pg. 113, lines 1-18, pg. 137, lines 22-24, pg. 138, lines 1-15).

11. Plaintiff's psychiatric illness causes him to have memory problems. (Exhibit A, pg. 55, lines 4-9 and 14-16).

12. Plaintiff claims that prior to August of 2001, he was pulled over by the East Haven police on three or four occasions. (Exhibit A, pg. 80, lines 13-24, pg. 81, lines 1-4).

13. Plaintiff does not remember the specific details of the stops prior to August of 2001. (Exhibit A, pg. 81, lines 5-20).

14. Plaintiff admits that he assumes the stops prior to August of 2001 were done by the East Haven police because he had a new car. (Exhibit A, pg. 83, lines 22-24, pg.

3
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\LOCAL RULE 56(A)1 STATEMENT 2-04.DOC

84, lines 1-15; pg. 86, lines 21-23).

15. Plaintiff does not know of anyone, besides himself, that has been subject to discrimination by the East Haven police based on one's psychiatric disability. (Exhibit A, pg. 117, lines 12-16).

16. Plaintiff does not know the identities of John Doe I and John Doe II nor can he describe their appearances. (Exhibit A, pg. 119, lines 6-15, pg. 161, lines 1-14).

17. Plaintiff does not have any evidence supporting his claim that the East Haven police were alerted by other police communities of his mental condition. (Exhibit A, pg. 182, lines 13-16).

18. To date, Plaintiff has not complied with the Defendants' Revised Supplemental Interrogatories and Requests for Production dated 10/3/03.

RESPECTFULLY SUBMITTED,
THE DEFENDANTS

BY: _____
HUGH F. KEEFE, ESQ.
52 Trumbull Street,
P.O. Box 1612
New Haven, CT 06596
(203) 787-0275
Federal Bar No. ct05106

4
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\LOCAL RULE 56(A)1 STATEMENT 2-04.DOC

## CERTIFICATION

I hereby certify that a copy of the above was mailed on February 17, 2004 to all counsel and pro se parties of record as follows:

Norman A. Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
Federal Bar No. ct00215

                                              Hugh F. Keefe, Esq.

# EXHIBITS

A    Plaintiff's Deposition Transcript dated 8/7/03 and 10/29/03

B    Plaintiff's Arrest Record prepared by the Connecticut Department of Public Safety State Police Bureau of Identification dated 4/16/02

C    Defendants' Revised Supplemental Interrogatories and Requests for Production dated 10/3/03

D    Court's Order dated 12/29/03

E    Pearson v. O'Leary, 1995 WL 124123 (N.D. Ill. March 20, 1995)

F    Letter from Attorney Nancy A. Fitzpatrick to Attorney Norman Pattis dated 2/11/04.

G    Town of East Haven Charter

H    Deposition Transcript of Leonard Gallo dated 10/22/03

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\EXHIBITS FOR MOT FOR SUM JUDG 2-04.DOC