UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK PERRELLI | : | |
| VS. | : | NO. 3:02CV8(GLG) |
| TOWN OF EAST HAVEN, ET AL. | : | MARCH 29, 2004 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.     BACKGROUND**

The plaintiff is a 46 year old resident of East Haven, who filed this action because he was repeatedly stopped and detained while he was driving within the city limits during the spring and summer of 2001.  He receives social security disability benefits and has been hospitalized for his mental illness repeatedly.  At the present time, he has regained his license as a real estate salesman and is working intermittently.

In August, 2001, he was stopped by two officers, allegedly for failing to obey a stop sign.  The officers searched the trunk of his car without his consent, and found his prescription medicine in unmarked bottles.  He also had a stun gun in his car, and he was arrested on a charge of carrying a dangerous weapon. Eventually the charges were withdrawn by the State's Attorney's office. (Ex. 3, East Haven Police Department response to FOIA request)  The plaintiff filed this action because the August, 2001 arrest was only one stop in a pattern

of stops by the East Haven police, most of which did not lead to an arrest.

Counsel for the plaintiff requested any incident reports of these stops, but no reports were produced by the defendant City of East Haven.  (Ex. 3)

## II.   STANDARD FOR SUMMARY JUDGMENT

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury.  In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996).  Rather, the court must resolve any ambiguities and draw all inferences against the moving party.  Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991).  The evidence of the party against whom summary judgment is sought must be believed.  Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994).  The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor.  Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993).  "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper."  Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433 (1996).

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. R. B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997). "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co.,

108 F.3d 1531, 1535 (2d Cir. 1997).  Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

The party opposing summary judgment may do so by an affidavit clarifying that party's prior deposition testimony.  Ramos v. Geddes, 137 F.R.D. 11 (S.D. Tex. 1991).  Hearsay evidence, while not admissible in support of a motion for summary judgment, **is** sufficient to defeat a summary judgment motion so long as there is reason to believe that the evidence can be offered in an admissible form at trial.  McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996); Williams v. Borough of West Chester, 891 F.2d 458 (3d Cir. 1990); Tetra Technologies, Inc. v. Harter, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993); Cerniglia v. LeVasseur, 19 Conn. L. Rptr. No. 4, 119 (1997).  "A party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law....The moving party is said to bear both the initial burden of production and the ultimate burden of persuasion on the motion....A nonmoving party, even though having the ultimate burden at trial, may indeed have no obligation to offer evidence supporting its own case unless the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact."  Carmona v. Toledo, 215 F.3d 124, 132-33 (1st Cir. 2000).

**III.    ARGUMENT**

    A.  JOHN DOE DEFENDANTS

The defendants have refused to provide information to the plaintiff concerning incident reports which did not result in arrests, and also any incident reports for August 15, 2001. (Ex. 3) Although the charges for the August, 2001 arrest were "nolled", the defendants retain the incident reports of the arrest. (Defendants' Ex. B shows Items 19 and 20 as East Haven arrests on August 15, 2001) Plaintiff's counsel sent the East Haven Police Department an authorization from Frank Perrelli and a request for all incident reports between 1999 and May, 2003. The custodian of records for the Police Department failed to produce the incident report, checking the "Sealed Record" box, and "Nolle expired" box on the form returned to counsel. (Ex. 3) Such records may be sealed to members of the public, but they are not sealed when the person who was arrested requests it, as was done in this case.

<u>Valentin v. Dinkins</u>, cited by the defendant, cautions that dismissal as a sanction should be avoided in this type of case. 121 F. 3d 72 (2d Cir. 1997) The plaintiff will request leave from court to obtain this specific information in order to amend the caption of the case. The plaintiff should have submitted his interrogatories prior to September 1, 2003 and obtained the information earlier.

B. MONELL CLAIM

The policy of the East Haven Police Department is to disregard the special needs of citizens with mental disabilities. At his deposition, defendant Gallo testified that his department does not provide any particular training

concerning the handling and treatment of such individuals. (Ex. 4, pps. 26- 27, 60-61.) Chief Gallo was not able to describe any specialized training which his officers receive during their original training program or the periodic re-certification process at the State's Training Facility (POST). Although the Chief receives periodic statistical reports which reflect the numbers of individuals taken into custody, and categorizes the types of arrests, he does not request or obtain information concerning individuals who are taken into custody because they present a danger to themselves or others. (Ex. 4, pps. 19-37) As a result, the defendants have no evidence to counter the plaintiff's claim that as a resident of East Haven, he was repeatedly stopped and detained by officers of the East Haven Police Department. The court has before it the plaintiff's claims of his encounters, and the defendants have not produced any evidence to dispute him; in fact they cannot dispute him, since the Chief of the department has acknowledged that no records of such stops or police activity are kept.

In a recent Second Circuit decision, the court stated that one way to implicate a policy making official such as a Chief of Police, is to show that a policy maker was aware of his subordinates' unconstitutional actions, but chose to ignore them. <u>Amnesty America v. Town of West Hartford</u>, 2004 WL 491647 (2d Cir. 2004) The failure of defendant Gallo to provide training and oversight of the handling of incidents concerning the mentally disabled, whether to hold them in custody briefly without arrest or to detain them pursuant to C. G. S. §17-503,

demonstrates a deliberate indifference to his department's conduct.

### C. UNREASONABLE SEARCH

The plaintiff stated that one evening in August, as he drove home, he was signaled to stop his vehicle by a parked police car near the entrance to his condominium development on Foxon Rd. He stopped his car and was totally cooperative.  He said that the police officers asked him, "What are you doing tonight, Frank?"  He stated that his car was searched, his trunk opened and there was no reason for this behavior by the two officers who conducted the search.  Ex. 1, pps. 78-107.  He stated that he felt harassed because this had happened three or four times during the spring and summer of 2001. Ex. 1, p. 80. He was arrested on August 15, 2001.  Def. Ex. B, Items 19, 20.  The plaintiff's description of the conduct of the John Doe defendants is sufficient to create an issue of fact on his unreasonable stop and search claim.

### IV.   CONCLUSION

Wherefore, for the reasons set forth above, the plaintiff respectfully requests that the defendant's Motion for Summary Judgment be denied.

THE PLAINTIFF

BY_____
    KATRENA ENGSTROM
    Fed. Bar No. Ct09444
    Williams and Pattis, LLC
    51 Elm Street, Suite 409
    New Haven, CT 06510
    203.562.9931
    FAX: (203) 776-9494

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid, on the date above stated, to the following counsel of record:

Attorney Hugh Keefe
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

_____
KATRENA ENGSTROM