**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| FRANK PERRELLI, | : | |
| V. | : | NO. 3:02 CV 0008 (GLG) |
| CITY OF EAST HAVEN, | | |
| LEONARD GALLO, | : | |
| JOHN DOE 1, and JOHN DOE 2 | : | MAY 7, 2004 |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO**
**THEIR MOTION FOR SUMMARY JUDGMENT**

The Defendants hereby reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment dated March 29, 2004 (hereinafter "Plaintiff's Memo").

**I:   Plaintiff Mischaracterizes the Standard for Summary Judgment:**

Throughout Plaintiff's Memo, he argues that summary judgment should be denied because the "defendants have not produced any evidence to dispute" his claims. See Plaintiff's Memo, pg. 6.  However, it is clearly established that such is not the standard for summary judgment.  For instance, in Celotex Corporation v. Catrett, 477 U.S. 317 (1986), the United States Supreme Court rejected the standard asserted by the Plaintiff.  Specifically, it held that there is "no express or implied requirement in Rule 56

that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323. The Court went on to say that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of *factually unsupported* claims or defenses, and, we think it should be interpreted in a way that allows it to accomplish this purpose." Id.  (Emphasis added).

Here, the Defendants have argued that summary judgment is proper because the Plaintiff's claims are not factually supported by the record.  As demonstrated by the case law cited above, the Defendants are not now required to submit proof negating each of his claims.

Moreover, it appears that the Plaintiff is attempting to shift his burden of proof onto the Defendants, which is clearly improper.  "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477

U.S. at 322-323.  In other words, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.  See also Heublein, Inc. v. U.S., 996 F.2d 1455,1461 (2nd Cir. 1993) ("There must be more than a 'scintilla of evidence' in the non-movant's favor; there must be evidence upon which a fact-finder could reasonably find for the non-movant.").

Here, the Defendants have shown this Court that the Plaintiff has a "complete failure of proof" concerning the essential elements of his unreasonable search claim and his Monell claim.  Clearly, this is a proper standard upon which to grant summary judgment and the Defendants respectfully request that the Court grant their motion.

**II:   Dismissal is Warranted as to the John Doe Defendants:**

In Plaintiff's Memo, he first argues that the John Doe defendants are not entitled to summary judgment because the "defendants have refused to provide information to the plaintiff concerning incident reports which did not result in arrests, and also any incident reports for August 15, 2001."[1] See Plaintiff's Memo, pg. 5.  To support this

---

[1] Such a position is contradictory in light of the Plaintiff's failure to comply with the Defendants' Revised Supplemental Interrogatories and Requests for Production and his

claim, the Plaintiff represents that his counsel sent the East Haven Police Department (hereinafter "the Department") authorization from him to obtain such documents but that the Department refused to honor his request.  Id.  However, the Plaintiff is mistaken.

Nowhere in the record is there any authorization from the Plaintiff allowing the Department to release his erased records to anyone.  Plaintiff's Exhibit 3 contains two letters from Attorney Katrena Engstrom to the Custodian of Records for the Department.  Both the June 11, 2003 letter and the Sept. 18, 2003 letter, however, fail to inform the Department that Attorney Engstrom represents the Plaintiff.  Moreover, although the June 11, 2003 letter represents that an authorization from the Plaintiff was enclosed, such authorization has never been shown to the Defendants' counsel nor made a part of this record.  As such, it is unclear whether the Department ever received any authorization from the Plaintiff to release his erased records to Attorney Engstrom.  Accordingly, the Defendants should not be punished for Plaintiff's failure to provide

---

failure to abide by this Court's Order  for compliance until such failure was raised in the Defendants' motion for summary judgment.  In fact, Plaintiff did not comply with such discovery and court order until April 21, 2004 – long after the discovery deadline

the proper authorization and summary judgment should be entered in favor of the Defendants.[2]

Secondly, the Plaintiff argues that Valentin v. Dinkins, 121 F.3d 72 (2nd Cir. 1997) "cautions that dismissal as a sanction should be avoided in this type of case." See Plaintiff's Memo, pg. 5. Again, Plaintiff is mistaken. The Valentin court cautioned against dismissal where a *pro se* plaintiff, who was incarcerated, was able to provide detailed information about the John Doe defendant. Here, the Plaintiff is not *pro se*, is not incarcerated and cannot provide detailed information about the John Doe defendants. As such, the caution expressed by the Valentin court is not applicable here. Moreover, the Plaintiff and his counsel have had ample opportunity to conduct discovery and amend the complaint but chose not to do so.[3] His dilatory effort cannot serve as a basis to preclude the granting of this motion for summary judgment.

---

expired, compliance was ordered to be done by this Court and the Defendants filed a motion for summary judgment.
[2] Clearly, the East Haven Police Department is entitled to refuse to disclose records where a nolle has expired and it has not received authorization from the arrestee. C.G.S. §54-142a(e), C.G.S. §54-142k.
[3] It is important to note that despite representing in Plaintiff's Memo, filed over a month ago, that he would "request leave to obtain this specific information in order to amend

Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927-928 (2nd Cir. 1985).

### III:    Monell Claim Lacks Evidentiary Support:

In the Plaintiff's Complaint dated Jan. 2, 2002, the Plaintiff claims that East Haven "has a policy, practice and custom of aggressively surveilling, searching and taking into custody people whom the police believe are mentally ill, but not so symptomatic as to justify taking them into custody due as dangers to themselves and/or others." See Complaint, ¶16. Then, in Plaintiff's Memo, Plaintiff claims that East Haven has a policy "to disregard the special needs of citizens with mental disabilities." See Plaintiff's Memo, pg. 5.

First, to the extent the Plaintiff is attempting to allege a new policy, practice or custom as a basis for his Monell claim, this Court should reject such a last-minute claim. Since the filing of his complaint until the filing of the Defendants' motion for summary judgment, the Plaintiff has claimed that East Haven essentially maintained a policy of misapplying C.G.S. §17a-503(a). As such, the misapplication of C.G.S. §17a-503(a)

---

the caption of the case," to date, the Plaintiff still has not requested such leave. Moreover, the Defendants object to any such eleventh-hour discovery and amendments.

should remain the focus of whether the Plaintiff has put sufficient evidence in the record to support his Monell claim.

As demonstrated in the Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment dated Feb. 17, 2004 (hereinafter "Defendants' Memo"), there is no evidence that a policy of misapplying C.G.S. §17a-503 existed. The record lacks any evidence of prior complaints regarding such. It lacks any evidence of a follow-up procedure for individuals taken into custody pursuant to C.G.S §17a-503. It lacks any evidence regarding instances in which people were taken into custody pursuant to C.G.S. §17a-503 – including any instances with the Plaintiff being taken into custody pursuant to such. Therefore, the Defendants are entitled to summary judgment.

In addition, the Plaintiff now argues that his Monell claim should survive summary judgment because Defendant Gallo failed to train and provide oversight with regard to "the handling of incidents concerning the mentally disabled" – namely, he claims that "to hold them in custody briefly without arrest or to detain them pursuant to C.G.S. §17a-503 demonstrates a deliberate indifference to his department's conduct." See Plaintiff's Memo, pp. 6-7.

First, the Plaintiff never alleged in his Complaint nor claimed during his deposition that his Monell claim was in any way based on a failure to train or supervise. He simply alleged and claimed that East Haven had a policy of inappropriately surveilling, searching and taking into custody mentally ill people pursuant to C.G.S. §17a-503. Therefore, any claim regarding a failure to train or failure to supervise should not be considered by this Court.

Second, should this Court decide to analyze these new claims, the Defendants are still entitled to summary judgment because such claims also lack evidentiary support. To support his failure to train claim, Plaintiff entirely mischaracterizes Defendant Gallo's deposition testimony by claiming that he testified that "his department does not provide any particular training concerning the handling and treatment of such individuals [citizens with mental disabilities]." See Plaintiff's Memo, pp. 5-6.

However, Defendant Gallo never testified that *no* training on such was given. Rather, Defendant Gallo testified that he was not familiar with the specific courses provided to the police officers, however, he believed that the officers were provided with the necessary courses to perform their job. See Exhibit 4, Deposition of Chief

Leonard Gallo, attached to Plaintiff's Response to Defendants' Rule Statement of Material Facts, pp. 25-28. Specifically, he testified that: "I believe they [East Haven police officers] have the good sense and good judgment to take care of people, whether they be judged incompetent or not. That is not our business. Our business is to provide safety, and it is up to doctors and other professionals to evaluate if a person is mentally ill or not." See Exhibit 4, pg. 28, lines 13-18. Since the Plaintiff cannot point to any evidence that the Department's training program was inadequate, the Defendants are entitled to summary judgment on the Monell claim. City of Canton v. Harris, 489 U.S. 378 (1989). See also Amnesty America v. Town of West Hartford, 361 F.3d 113, 130 (2d Cir. 2004) (failure to train claim must fail because there is no evidence of purported inadequacies).

In addition, the Plaintiff argues that his Monell claim has evidentiary support because Chief Gallo was aware of his subordinates' unconstitutional actions but chose to ignore them and cites Amnesty America v. Town of West Hartford, 361 F.3d 113 (2d Cir. 2004) as support. However, such a statement is conclusory and the Plaintiff fails to point to any evidence supporting this claim. Likely, this is because there is no evidence of Defendant Gallo's subordinates engaging in "unconstitutional acts" and no evidence

9
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\RWLYNCH\DESKTOP\REPLY BRIEF FOR MOT FOR SUM JUDG 5-04.DOC

he failed to take action to address such.  Again, there is simply no evidence of the Department misapplying C.G.S. §17a-503 or mistreating mentally ill citizens in the record.  All that is present is Plaintiff's conclusory statements and speculations.

Moreover, the Plaintiff has not analyzed and cannot demonstrate that his claim satisfies the requirements for such a claim as articulated in Walker v. City of New York, 974 F.2d 293 (2d Cir. 1992).[4]  Specifically, the Plaintiff must show all of the following to maintain a failure to train and/or failure to supervise claim:

(1) that a policymaker knows to a moral certainty that his employees will confront a given situation;

(2) that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation; and,

(3) that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.

Id. at 297.  Here, the Plaintiff cannot demonstrate these requirements.

For instance, assuming that "the situation" is interacting with persons who are mentally ill and assuming that the claim is that the police officers need *specific* training

and supervision on assessing whether a mentally ill person is a danger, the Plaintiff cannot demonstrate that this situation presents a police officer, already trained on safety issues, with a difficult choice. Whether or not the person is disabled, the officer will have to assess whether a danger is present. The mental state of the person being assessed, the full extent of the danger presented by that person, and the necessary treatment needed for that person would fall in the hands of doctors, not police officers. Therefore, such a situation does not present the officer with a difficult choice nor is it a "situation" with which a policymaker knows to a "moral certainty" that the officers will confront such. See also City of Canton, 489 U.S. at 396 (O'Connor's Concurrence) ("diagnosis of mental illness is not one of the 'usual and recurring situations with which [the police] must deal,' therefore, lack of training in this circumstance is not the kind of omission that can be characterized as "deliberate indifference"). Finally, as demonstrated above and in the Defendants' Memo, Plaintiff has no evidence of a history of the Department's employees mishandling mentally ill citizens.

---

[4] Please note that, unlike the Plaintiff here, the plaintiff in Walker specifically alleged that the municipality failed to adequately train and supervise its police. Walker, 974 F.2d at 295.

Equally important, <u>Amnesty America</u> does not save the Plaintiff's claim.  First, the Chief of Police there was present for the alleged "unconstitutional acts" and failed to take steps to supervise his employees and stop such.  Second, the Chief of Police had notice of prior misconduct by its officers in handling a specific situation and chose not to provide training.  Third, the municipality conceded that the Chief of Police was a policymaker for purposes of a <u>Monell</u> claim.  Here, Defendant Gallo was not present for the alleged "unconstitutional acts."  There is no notice of prior misconduct by the East Haven police officers in handling mentally ill citizens.  Third, East Haven disputes the allegation that its Chief of Police is a policymaker for purposes of Plaintiff's <u>Monell</u> claim.  As such, citation to this case does not save the Plaintiff's claim.

Lastly, the Plaintiff entirely fails to address the other grounds to grant summary judgment which were raised by the Defendants' Memo.  As such, the Defendants maintain their position that the <u>Monell</u> claim should be dismissed because the Plaintiff failed to comply with their discovery requests despite a court order,[5] because the

---

[5]Although the Plaintiff complied with the discovery on April 21, 2004, such late compliance should not be excused by this Court especially in light of the fact that the Plaintiff has failed to articulate or demonstrate good cause for the delay.

Plaintiff's individual claims did not result from the policy at issue, and because the Plaintiff has failed to identify an individual with final policymaking authority.

**IV:   Plaintiff's Unreasonable Search Claim Lacks Evidentiary Support:**

In Plaintiff's Memo, the Plaintiff describes with little detail his unreasonable search claim. See Plaintiff's Memo, pg. 7. However, this description is filled with conclusory statements (i.e. Plaintiff "was totally cooperative," "there was no reason for this behavior by the two officers") which are insufficient to establish Plaintiff's burden of proof and should not be considered as evidence by this Court. Moreover, the Plaintiff has not addressed his inability to give factual support to his claim that the search or searches were unreasonable. Again, it is not the Defendants' burden to show that the stops and/or searches were reasonable. Rather, it is the Plaintiff's burden to demonstrate that facts exist to create a "reasonable inference" that the search or searches were unreasonable. Plaintiff has not and *admittedly* cannot present such facts. Therefore, the Defendants are entitled to summary judgment.

**V:   Conclusion**

Wherefore, for the reasons set forth above and in the Defendants' Memo, the Defendants respectfully request that their Motion for Summary Judgment be granted.

                                RESPECTFULLY SUBMITTED,
                                THE DEFENDANTS

                    BY:   _____
                                HUGH F. KEEFE, ESQ.
                                52 Trumbull Street,
                                P.O. Box 1612
                                New Haven, CT 06596
                                (203) 787-0275
                                Federal Bar No. ct05106

## **CERTIFICATION**

I hereby certify that a copy of the above was mailed on May 7, 2004 to all counsel and pro se parties of record as follows:

Norman A. Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510

Federal Bar No. ct00215

                                                                   _____
                                                                          Hugh F. Keefe, Esq.