UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK PERRELLI, | : |
| V. | : NO. 3:02 CV 0008 (GLG) |
| CITY OF EAST HAVEN,<br>LEONARD GALLO,<br>JOHN DOE 1, and JOHN DOE 2 | :<br>:<br>: MAY 7, 2004 |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 56(a)(1) STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

**I:   Reply to Plaintiff's Disagreement with Defendants' Statement of Facts**

In No. 6 of the Defendants' Local Rule 56(a)(1) Statement dated Feb. 17, 2004, the Defendants represented that the following was not in dispute: "Plaintiff admits that he had a stun gun in his vehicle in August 2001 and that he did not have a permit for the stun gun." Defendants represented that such information can be found in the Plaintiff's deposition testimony identified as "Exhibit A, pg. 108, lines 8-10, pg. 157, lines 4-20." There, the Plaintiff testified as follows:

> Q:   Was your stun gun in your vehicle that night?
> A:   Yes, it was.
> …
> Q:   Do you remember where in your car the stun gun was?
> A:   No.

1

> Q: But you did, in fact, have it in your car that evening?
> A: Yeah. I don't – I didn't – I never even knew this either, that stun guns were illegal. They were selling them out of a store on Main Street in New Haven. This store is open for business to the public. They sell me a stun gun and I find out later I need a permit for it. I don't understand why I need a permit when they were being sold to me right off the counter.
> Q: But you didn't have a permit for the stun gun?
> A: No.

The Plaintiff responded that he agreed "in part" with No. 6 of the Defendants' Statement of Material Facts. See Plaintiff's Response to Defendants' Rule 56(a)(1) Statement of Material Facts Not in Dispute dated March 29, 2004 (hereinafter "Plaintiff's Statement"). However, it is unclear which part of the statement he disagreed with. The fact that he was not informed by the store that he needed a permit for the stun gun does not change the fact that he admitted to having the stun gun in his car on the night of his August 2001 arrest and that he did not have a permit for the gun. Therefore, No. 6 should be deemed admitted as true.

Similarly, in No. 9 of the Defendants' Local Rule 56(a)(1) Statement dated Feb. 17, 2004, the Defendants represented that the following was not in dispute: "Plaintiff admits that prior to the East Haven police stopping him on August 15, 2001, he may have failed to stop at the traffic signal prior to turning on Old Foxen Road." Defendants

represented that such information can be found in the Plaintiff's deposition testimony identified as "Exhibit A, pg. 160, lines 15-16." There, the Plaintiff testified as follows:

A:     … For all I know, I could have went through it [traffic signal].

Plaintiff responded that he disagreed with this statement of fact because "[h]e had the prescription information in the automobile with him." See Plaintiff's Statement. The basis of Plaintiff's disagreement is unclear because his reason for disagreement does not address his possible failure to stop at the intersection prior to being stopped by the East Haven police. Therefore, No. 9 should be deemed admitted as true.

It is possible that Plaintiff's disagreement with No. 9 is a scrivener's error in that the response appears more applicable to No. 8 of Defendants' statement of facts. No. 8 states the following: "Plaintiff admits that, in August of 2001, he took his prescription medication out of their original containers and placed them in clear vials." Defendants represented that such information can be found at "Exhibit A, pg. 154, lines 18-24, pg. 155, lines 1-14. There, the Plaintiff testified as follows:

Q:     In August of 2001, you had previously described an incident where the officers, during that time frame, I believe you said they accused you of having drugs; is that correct?
A:     Yes.

3
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\REPLY TO PLAINTIFF'S STATEMENT OF FACTS 5-04.DOC

> Q: Okay. And do you believe that that was medication, not drugs, at that time?
> A: I know it was.
> Q: Okay. And is this your medication for the mental illness that had you described –
> A: Yes, it was. Sorry.
> Q: Please wait. It just makes it difficult for her.
> A: All right.
> Q: I take it these are pills, the medication that –
> A: Prescription medications yes.
> Q: Were they in the original prescription containers?
> A: No, they weren't.

Plaintiff admitted having taken his medication out of their original containers and placing them into clear vials later in his deposition:

> A: … I put them [prescription medications] in vials, because I was going to take them, if I was out of town or somewhere where I needed them…
> …
> Q: Was there any markings on these vials?
> A: No.
> Q: It was a clear vial with the pills inside of them?
> A: Yeah…

See Exhibit I – Plaintiff's Deposition attached hereto, pg. 155, lines 16-19, pg. 156, lines 4-9. Similar to the Plaintiff's reason provided for disagreement to No. 6, the reason for Plaintiff's disagreement with (possibly) No. 8 is illusory in that it does not change the accuracy of the statement. Plaintiff's deposition testimony clearly shows that he

4
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\REPLY TO PLAINTIFF'S STATEMENT OF FACTS 5-04.DOC

admitted that he took his prescription medication out of their original containers and placed them in clear vials, which is simply all that Statement No. 8 represents. Therefore, even if Plaintiff's response to No. 9 is construed to be a response to No. 8, the statement should be deemed admitted as true.

II:     **Response to Plaintiff's Statement of Material Facts in Dispute:**

Nos. 1 and 4 of the Plaintiff's Statement of Material Facts in Dispute are improper conclusions and opinions rather than material facts. Therefore, they should be stricken and not considered by this Court. <u>Heublein, Inc. v. U.S.</u>, 996 F.2d 1455, 1461 (2nd Cir. 1993). <u>See</u> also <u>Gottlieb v. Count of Orange</u>, 84 F.3d 511, 518 (2nd Cir. 1996) (non-movant "cannot defeat the motion [for summary judgment] by relying on the allegations of his pleading … or on conclusory statements…"); <u>Opals on Ice Lingerie v. Body-Lines, Inc.</u>, 320 F.3d 362, 370 (2nd Cir. 2003) ("it is well established that conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment… An 'opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, speculative, nor merely suspicion.'").

No. 3 of the Plaintiff's Statement of Material Facts in Dispute is also improper because it relies on inadmissible hearsay. Therefore, it should be stricken and not

5
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PERRELLI\REPLY TO PLAINTIFF'S STATEMENT OF FACTS 5-04.DOC

considered by this Court.  <u>ABB Industrial Systems, Inc. v. Prime Technology, Inc.</u>, 120 F.3d 351, 357 (2nd Cir. 1997).  <u>See</u> also <u>Burlington Coat Factory Warehouse Corp. v. Esprit De Corp</u>., 769 F.2d 919, 924 (2nd Cir. 1985) (non-movant "cannot rely on inadmissible hearsay in opposing a motion for summary judgment).

Lastly, No. 6 of the Plaintiff's Statement of Material Facts in Dispute is not disputed by the Defendants.

        RESPECTFULLY SUBMITTED,
        THE DEFENDANTS

BY:  _____
        HUGH F. KEEFE, ESQ.
        52 Trumbull Street,
        P.O. Box 1612
        New Haven, CT 06596
        (203) 787-0275
        Federal Bar No. ct05106

## CERTIFICATION

I hereby certify that a copy of the above was mailed on May 7, 2004 to all counsel and pro se parties of record as follows:

Norman A. Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
Federal Bar No. ct00215

_____
Hugh F. Keefe, Esq.